UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>ONAIDA RIVERA SOTO, MARIBEL RIVERA SOTO a/k/a MARIBELLE RIVERA SOTO, GENOVEVA RIVERA SOTO, WILFREDO RIVERA SOTO, HIRAM RIVERA SOTO, MIGUEL ANGEL RIVERA SOTO, HECTOR RIVERA SOTO, CARMEN ANA RIVERA SOTO, ALICIA RIVERA SOTO, ANADY RIVERA SOTO a/k/a ANADI RIVERA SOTO, SANTIAGO RIVERA SOTO and EFRAIN RIVERA SOTO, as known members of the Estate of LUIS RIVERA NEGRON a/k/a LUIS RIVERA and the Estate of ADELA SOTO FIGUEROA a/k/a ADELA SOTO; JOHN DOE and RICHARD ROE as unknown members of said estates<br><br>Defendants | CIVIL NO.<br><br><br><br>Foreclosure of Mortgage In Rem |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.   Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.   Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of one (1) promissory note that affects the property described further below.

3.   Said promissory note is for the amount of **$133,400.00**, with annual interest of 3%, subscribed on November 30, 1979. *See Exhibit 1.*

4.   For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 72.  *See Exhibit 2.*

5.   According to the Property Registry, defendants are the owner of record of the real estate property subject of this case. Said property is described -as it was recorded in Spanish- as follows:

> RÚSTICA: Radicada en el Barrio Don Alonso, término municipal de Utuado, Puerto Rico, con cabida de noventa y dos cuerdas con sesenta y seis céntimos, igual a treinta y seis hectáreas, cuarenta y una área y ochentinueve centiáreas de terreno, pero que del Registro de la Propiedad resulta limitada su cabida a ochenta y nueve cuerdas con setenta y nueve céntimos

(89.79), equivalentes a treinta y cinco hectáreas, veintinueve áreas, diez centiáreas y sesenta y una miliáreas de terreno, con plantaciones de café, pastos y malezas, conteniendo dos casas habitación y una para máquina. Linda: al NORTE, terrenos de los señores Ledesma Artau y Compañía y de Vicente Andújar; al ESTE, de Anastacio González y al Río Limón; al SUR, los de Antonio Núñez; y al OESTE, los de Francisco Pruna y de Ledesma Artau y Compañía.

Property 3,750, recorded at page 99 of volume 118 of the Property Registry of Utuado, Puerto Rico.

*See Title Search attached as Exhibit 3*

6.   The title search attached to this complaint confirms the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants. *See Exhibit 3.*

7.   LUIS RIVERA NEGRON a/k/a LUIS RIVERA passed away on August 16, 1986. *Exhibit 4.*

8.   ADELA SOTO FIGUEROA a/k/a ADELA SOTO passed away on February 27, 2000. *Exhibit 5.*

9.   By information and belief, the known members of the estates mentioned before are the following individuals:

   (a)   ONAIDA RIVERA SOTO;

   (b)   MARIBEL RIVERA SOTO a/k/a MARIBELLE RIVERA SOTO;

   (c)   GENOVEVA RIVERA SOTO;

   (d)   WILFREDO RIVERA SOTO;

   (e)   HIRAM RIVERA SOTO;

   (f)   MIGUEL ANGEL RIVERA SOTO;

    (g)  HECTOR RIVERA SOTO;

    (h)  CARMEN ANA RIVERA SOTO;

    (i)  ALICIA RIVERA SOTO;

    (j)  ANADY RIVERA SOTO a/k/a ANADI RIVERA SOTO;

    (k)  SANTIAGO RIVERA SOTO, and;

    (l)  EFRAIN RIVERA SOTO.

10. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the estates mentioned before.

11. Codefendants are jointly and severally responsible for all to plaintiff.

12. According to *P.R. Laws Ann.,* Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong. If no answer is received within said period, their participation shall be deemed as accepted.

13. By information and belief, on year 1992, ADELA SOTO FIGUEROA a/k/a ADELA SOTO obtained a discharge from the Bankruptcy Court for the District of Puerto Rico, including the secured debt subject of this complaint. Thus, this cause of action is filed as In Rem.

14. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable

4

the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

15. Therefore, the agreements are due in full, with the following amounts:

    a) On the $133,400.00 Note:

        1) The sum of $122,047.50, of principal;

        2) The sum of $207,857.54, of interest accrued as of September 8, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $16.7189;

        3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation. *Exhibit 6.*

16. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the property described in this complaint.

17. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for the defendants since we do not know their social security numbers.

18. The real estate property mentioned before is subject to the following liens in the rank indicated:

(A)   <u>Property 3,750</u>:

1) Recorded liens with preference or priority over mortgage herein included:

-NONE.

2) Junior Liens with inferior rank or priority over mortgage herein included:

a) SEIZURE: In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated October 27, 1993, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efraín Rivera Soto; Adela Soto Figueroa, annotated at margin of overleaf of page 221 of volume 373 of Utuado, in the amount of $32,118.19 on December 22, 1993.

b) SEIZURE: In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated October 17, 2000, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efraín Rivera Soto; Adela Soto Figueroa, annotated at margin of overleaf of page 222 of volume 373 of Utuado, in the amount of $32,118.19 on February 15, 2001.

c) SEIZURE: In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated January 23, 2007, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efraín Rivera Soto; Adela Soto Figueroa, annotated at page 29 of volume 601 of Utuado, in the amount of $32,118.19, 28 inscription.

d) At entry 932 of daily book 415, presented on January 17, 2013, Certification dated January 17, 2013, issued by Fondo del Seguro del Estado, this property is seized as property of Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efraín Rivera Soto; Adela Soto Figueroa, by $32,118.19

in concept of invoice. The document qualification and dispatch are pending.

**VERIFICATION**

I, JACQUELINE LAZU LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as acting LRTF Director of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge

7

and to the documents contained in the files of the Farm Service
Agency;

7) I have carefully examined the Exhibits included to this
complaint which are true and correct copies of the originals. The
mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury,
as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 27 day of October, 2020.



JACQUELINE LAZU LABOY

PRAYER

WHEREFORE, plaintiff demands judgment as follows:

a)   That defendants breached the contractual obligations
     claimed in this complaint;

b)   All legal rights, titles and interests which the
     defendants may have in the property(ies) described in
     this complaint and any building or improvement thereon,
     be sold at public auction, as part of the judicial
     foreclosure of the mortgage lien(s) securing each loan
     obligation;

c)   That the defendants and all persons claiming or who may
     claim by, from or under them, be absolutely barred and
     foreclosed from all rights and equity of redemption in
     and to said loan security;

8

d)   If the proceeds of said sale exceeds the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court, subject to further orders from the Court;

e)   Once the property is auctioned and sold, it is requested to the Clerk of this Court to issue a writ addressed to the Registry of the Property, ordering the cancellation of the foreclosed mortgage(s) and of any other junior liens recorded therein;

f)   For such further relief as in accordance with law and equity may be proper.

In Guaynabo, Puerto Rico, this October 28                , 2020.


/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL. 787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

Exhibit 1

CERTIFIED TRANSLATION

Form FmHA 1940-17(S)
(Rev. 11-1-78)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

| Name: RIVERA NEGRÓN, Luis | | KIND OF LOAN Type: FO (subs. Loan) |
|---|---|---|
| State: PUERTO RICO Case no.: 63-15-703,756 | Office: UTUADO Date: | Pursuant to: |
| | | ☒ Consolidated Farm & Rural Development Act ☐ Emergency Agricultural Credit Adjustment Act of 1978 |
| ACTION REQUIRING NOTE ☐ Initial loan ☒ Subsequent loan ☐ Consolidated & subsequent loan ☐ Consolidation | ☐ Rescheduling ☐ Reamortization ☐ Credit sale ☐ Deferred payments | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture (herein called the "Government"), or its assignees, at its office in, _Utuado, Puerto Rico_ or at such other place as the Government may later designate in writing, the principal sum of _ONE HUNDRED THIRTY THREE THOUSAND FOUR HUNDRED_ DOLLARS ($133,400.00), plus interest on the unpaid principal balance at the RATE of THREE PERCENT (3%) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST,

in accordance with regulations of the Farmers Home Administration, not, more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower last known address.  The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in 41 installments as indicated below, except as modified by a different rate of interest, on or before the followings dates

| $ | 100.00 | on | January 1, 1980 | $ | | on | January 1, 19 |
| $ | 900.00 | on | January 1, 1981 | $ | | on | January 1, 19 |
| $ | 1,000.00 | on | January 1, 1982 | $ | | on | January 1, 19 |
| $ | | on | January 1, 19 | $ | | on | January 1, 19 |
| $ | | on | January 1, 19 | $ | | on | January 1, 19 |

And $6,192.00 thereafter on January 1 of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid shall, be due and payable 40 years from the date of this note, and except the prepayments may be made as provided below. The consideration for the note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government.   Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government.   Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note.   Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

2

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to the principal and such new principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of schedule installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.  If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.

While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United State Treasury check by which the Government remits the payment to the holder.  The effective date of any

3

prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitle accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan (FO).

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| Code & Loan No. | Note Value | Interest Rate | Date | Original Borrower | Last install due |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and this consolidating, rescheduling or reamortizing does not affect other related obligations.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING AGREEMENT:  If at any time it shall appear to the Government that Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

DEFAULT: Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the

Government or securing or otherwise relating to such a debt, and default under any such other instrument shall constitute default hereunder.  UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is presented as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentation, protest, and notice are hereby waived.

(SEAL)

Luis Rivera Negrón – X Fingerprint Marks
_____
(BORROWER)

(Sgd.) Adela Soto Figueroa
_____
(Co- BORROWER)

Boxd 49 Don Alfonso Ward
_____

Florida, Puerto Rico 00650
_____

_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $  104,400.00 | 11-30-79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| TOTAL  $ | | | | | |

08/04/2006 11:11 FAX 7872941          USDA-FSA                                    ☑002/005

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

**PAGARE**

| CLASE DE PRESTAMO |
|---|
| Tipo: FO (Subs. Loan) |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre RIVERA NEGRON, Luis | ACCION QUE REQUIERE PAGARE: |
|---|---|

| Estado PUERTO RICO | Oficina UTUADO |
|---|---|
| Caso Núm. 63-15-703,756 | Fecha 30 de noviembre de 1979 |

ACCION QUE REQUIERE PAGARE:

☐ Préstamo Inicial           ☐ Nuevo Plan de Pago
☒ Préstamo Subsiguiente      ☐ Reamortización
☐ Consolidación y préstamo   ☐ Venta a Crédito
   subsiguiente              ☐ Pagos Diferidos
☐ Consolidación

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en ___Utuado, Puerto Rico___

o en otro sitio designado por el Gobierno por escrito, la suma principal de ----CIENTO TREINTA Y TRES MIL

CUATROCIENTOS CON 00/100____ dólares ($ ___133,400.00___) más intereses sobre el principal adeudado al

_____TRES_____ POR CIENTO (   3   %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede CAMBIAR EL PORCIENTO DE INTERES, de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido er los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ___41___ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

$ ___100.00___ en enero 1, 1980    $ _____ en enero 1, 19  ;
$ ___900.00___ en enero 1, 1981    $ _____ en enero 1, 19  ;
$ __1,000.00__ en enero 1, 1982    $ _____ en enero 1, 19  ;
$ _____ en enero 1, 19  :   $ _____ en enero 1, 19  ;
$ _____ en enero 1, 19  :   $ _____ en enero 1, 19  ;
y $ __6,192.00__, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en ___40___ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificado el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según so icitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce-Agricultura                    *Posición 2*              Forma FmHA 1940-17 (S)
                                                                (Rev. 11-1-78)

Pagos adelantados de los plazos estipulados o cualquier parte de los mismos, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |
| $ | % | .19 | | .19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago. Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

08/04/2006 11:12 FAX  7872941      USDA-FSA                                    ☑004/005

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_____
Luis Rivera Negrón                    (Prestatario)

_____
Adela Soto Figueroa                   (Prestatario)

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married and resident of Guayama, Puerto Rico. In my official capacity as State Executive Director of the Farm Service Agency, U.S. Department of Agriculture, hereby declare under penalty of perjury that this is a true and exact copy of the original document which I have under my custody.

San Juan, Puerto Rico

_____
Juan M. Ortiz Serbiá
State Executive Director

Bo. Don Alonso-Buzón 49

Florida, Puerto Rico  00650

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 104,400. | 11-30-79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

Jay-Ce-Agricultura                    Posición 2                    Forma FmHA 1940-17 (S)
                                                                     (Rev. 11-1-78)

**FmHA Form 427-1 PR**
**10/77**

## NUMBER SEVENTY-TWO

## VOLUNTARY MORTGAGE

In the city of Utuado, Puerto Rico, on November thirty, nineteen seventy-nine,

### IN MY PRESENCE

LUIS PEREZ MATOS, Attorney and Public Notary of this island, with residence in the city of Utuado, Puerto Rico and offices in said city.

### THERE NOW APPEAR

The persons named in paragraph TWELFTH of this mortgage, hereinafter-called "mortgagor," and whose personal circumstances appear in said paragraph.

From the statements of the parties, I bear witness to their respective ages, marital status, professions and places of residence.

They attest to being in full exercise of their civil rights and the free administration of their property, and they have, in my judgment, the necessary legal capacity to execute this document.

### THEY DECLARE

FIRST:   That the mortgagor is the owner of the farm or farms described in paragraph ELEVENTH, with all corresponding rights and interests, referred to hereinafter as "the property."

SECOND:   That the property mortgaged herein is subject to the liens specified in paragraph ELEVENTH.

THIRD:   That the mortgagor is indebted to the United States of America, acting through the Farmers Home Administration, referred to hereinafter as "mortgagee," in connection with a loan or loans represented by one or more promissory notes or assumption agreements, referred to hereinafter as "the note," whether one or more.  It is required by the Government that additional monthly payments be made of one twelfth of the taxes, insurance premiums, and other charges on the mortgaged property.

FOURTH:   It is understood that:

1

(One) The note represents a loan or loans to mortgagor in the principal amount specified herein, granted with the purpose and intention that the mortgagee may at any time surrender the note and insure the payment thereof pursuant to the Act of 1961, consolidating the Farmers Home Administration, or Title V of The Housing Act of 1949, as amended.

(Two) When payment of the note is guaranteed by the mortgagee, it may be transferred from time to time, and each holder of said note will in turn be considered the insured lender.

(Three) When payment of the note is insured by the mortgagee, the mortgagee will execute and deliver to the insured lender, along with the note, an insurance endorsement fully guaranteeing payment of the principal and interest on said note.

(Four) Whenever payment of the note is insured by the mortgagee, the mortgagee, by agreement with the insured lender, shall determine on the insurance endorsement the portion of the note's interest to be designated as "annual charges."

(Five) As a condition of the insurance of the note's payment, the holder will surrender all rights and remedies against the mortgagor and any others in connection with said loan, as well as any benefit of this mortgage, and will accept in its place the insurance benefits, and in the event that the mortgagor violates any agreement or stipulation contained herein, or in the note, or in any other supplementary agreement, the mortgagee may require the note to be endorsed to himself.

(Six) It is the purpose and intent of this mortgage that, among other things, whenever the note is held by the mortgagee, or in the event the mortgagee should transfer this mortgage without insuring the note, this mortgage shall guarantee payment of the note; but when the note is held by an insured lender, this mortgage shall not guarantee payment of the note, nor shall it form any part of the debt represented thereby, but the note and said debt shall constitute an indemnity mortgage to insure the mortgagee against any loss under its insurance endorsement by reason of any default by the mortgagor.

FIFTH: That, in consideration of said loan and (a) whenever the note is held by the mortgagee, or in the event that the mortgagee should transfer this mortgage without insuring the note's payment, in guarantee of the amount of the note as specified in subparagraph (one) of paragraph NINTH, with interest at the rate stipulated, and to insure prompt payment of said note, and any renewals or extensions thereof, and any agreements contained therein, (b) whenever the note is held by an insured lender guaranteeing the amounts specified in subparagraph (two) of paragraph NINTH, in order to guarantee compliance with the mortgagor's agreement to indemnify and hold harmless the mortgagee against losses under its insurance endorsement by reason of any default by the mortgagor, and (c) in any event and at all times whatsoever, to guarantee the additional amounts specified in subparagraph (three) of paragraph NINTH, and to insure mortgagor's compliance with each and every agreement and stipulation herein, or in any supplementary agreement, mortgagor hereby grants to mortgagee a voluntary mortgage on the property described in paragraph ELEVENTH, together with all rights, interests, easements, inheritances, and appurtenances thereto belonging; all income, credits, profits, revenues; all improvements or personal property thereto attaching, at present or in the future, or which are reasonably necessary

for the use thereof; all water, water rights, or shares in said rights; pertaining to the farms, and all payments at any time owing to mortgagor by virtue of the sale, lease, transfer, conveyance, or total or partial expropriation of, or injury to, any part thereof, or to their interests, it being understood that this mortgage will continue in full force and effect until all amounts specified in paragraph NINTH, with interest before and after maturity, until they have been paid in full. In case of foreclosure, the property will be responsible for the payment of the principal, interest thereon before and after maturity, losses sustained by mortgagee as insurer of the note, taxes, insurance premiums, or any other disbursements or advances by mortgagee, to be paid by mortgagor with interest until all costs and expenses, including fees of mortgagee's attorneys, are paid to mortgagee, along with all extensions and renewals of said obligations, with interest, and all other charges and additional amounts specified in paragraph NINTH.

SIXTH: Mortgagor explicitly agrees to the following:

(One) To pay promptly to the mortgagee any debt herein guaranteed and to indemnify and hold mortgagee harmless against any loss under its insurance for payment of the note by reason of any default by mortgagor. Whenever the note is held by an insured lender, mortgagor shall continue making payments on the note to mortgagee, as collection agent for the holder.

(Two) To pay the mortgagee an initial fee for inspection and appraisal and any delinquency charges, now or hereafter required by Farmers Home Administration regulations.

(Three) Whenever the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of the annual charge, may be paid by mortgagee to the holder of the note under the terms of the note and of the insurance endorsement referred to in the above paragraph FOURTH, the responsibility of the mortgagor.

Any amount due and unpaid under the terms of the note, whether it is held by mortgagee or by an insured lender, may be credited to the note by mortgagee, and shall thus constitute an advance by mortgagee, the responsibility of mortgagor.

Any advance by mortgagee as described in this subparagraph shall bear interest at the annual rate of THREE PERCENT (3 %), from the date on which payment was due until the date on which mortgagor pays the debt.

(Four) Whether or not the note is insured by mortgagee, any and all amount advanced by mortgagee for insurance premiums, repairs, liens, or other claims for the protection of the mortgaged property, or for taxes or assessments or other similar charges due to mortgagor's failure to pay said charges, shall bear interest at the rate stated in the preceding subparagraph, from the date of the advance until mortgagor pays said advance.

(Five) All advances made by mortgagee as described in this mortgage, with interest, shall be immediately due and payable by mortgagor to mortgagee without need for advance notification in the place designated in the note, and shall be guaranteed by this mortgage. No advance by mortgagee shall relieve mortgagor from breach of his covenant to pay. Such advances, with

interest, shall be repaid from the first payments received from mortgagor. In the absence of such advances, all payments verified by mortgagor may be applied to the note or to any other mortgagee debt guaranteed herein, in the order determined by mortgagee.

(Six) To use the amount of the loan indicated in the note solely for purposes authorized by mortgagee.

(Seven) To pay when due all taxes, special assessments, liens, and charges encumbering the property or the rights or interests of mortgagor under the terms of this mortgage.

(Eight) To obtain and maintain insurance against fire and other hazards as required by mortgagee on all existing buildings and property improvements, as well as on all future improvements. The insurance against fire and other hazards will be in the form, in the amount, and on the terms and conditions approved by mortgagee.

(Nine) To keep the property in good condition and to promptly make all necessary repairs in order to preserve the property; he will refrain from any activity, or from allowing any activity, which would result in the deterioration of the property; he will not remove nor demolish any building or improvement on the property; nor will he cut or remove wood from the farm, nor remove nor permit to be removed gravel, sand, oil, gas, coal, or other minerals, without mortgagee's consent, and will promptly carry out the repairs on the property that mortgagee may request from time to time. Mortgagor shall comply with soil conservation practices and farm and home management plans that mortgagee may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a farm owner as identified in Farmers Home Administration regulations, the mortgagor shall personally manage the property, on his own or through family labor, as a farm and for no other purpose, and shall not lease the farm, nor any part of it, unless mortgagee gives written consent to another method of operation or lease.

(Eleven) To submit information regarding income and expenses and any other information related to the management of the property, in the form and manner the mortgagee may require, and to comply with all laws, ordinances, and regulations affecting the property or its use.

(Twelve) Mortgagee, along with his agents and attorneys, shall at all times have the right to inspect and examine the property for the purpose of ascertaining whether security is deteriorating or being compromised, and if such inspection or examination shall disclose, in mortgagee's judgment, that security is in fact deteriorating or being compromised, this shall constitute a breach by mortgagor of this mortgage agreement.

(Thirteen) If any other person interferes with or contests mortgagor's rights of possession of the property, mortgagor shall immediately notify mortgagee of such action, and mortgagee may decide to institute the measures necessary to defend his interests, and any costs or expenditures incurred by mortgagee due to said measures will be added to mortgagor's debt, and will be guaranteed by this mortgage as additional credits under the clause regarding advances, expenditures and other payments.

4

(Fourteen) If at any time while this mortgage remains in effect, mortgagor shall abandon the property or voluntarily return it to mortgagee, mortgagee is hereby authorized and empowered to take possession of the property, to lease and administer it, and to collect the rents, benefits, and income from them, and to apply them first to the costs of collection and administration, and secondly to the payment of the debt described by the note or any other debt to mortgagee herein guaranteed, in the order and manner to be determined by mortgagee.

(Fifteen) At any time that mortgagee determines that mortgagor may be able to obtain a loan from a production credit association, from a Federal Bank or other responsible source, whether cooperative or private, with a rate of interest and terms that are reasonable for loans of similar duration and purposes, then mortgagor, at mortgagee's request, will apply for and accept such a loan in a sufficient amount to pay the note and any other debt guaranteed herein, and to pay for the necessary shares in the cooperative agency with respect to such a loan.

(Sixteen) In the event of default in the discharge of any obligation guaranteed by this mortgage, or if mortgagor, or any other person included herein as a mortgagor, defaults in the payment of any amount, or violates or fails to comply with any clause, condition, stipulation, covenant, or agreement contained herein, or in any supplementary agreement, or if mortgagor dies or is declared incompetent, bankrupt, or insolvent, or makes a transfer for the benefit of creditors, or if the property or any part thereof or interest therein is sold, leased, transferred, conveyed, or encumbered, voluntarily or otherwise, without mortgagee's written consent, then mortgagee is irrevocably authorized and empowered, at his discretion and without notice:  (One) to declare all debt left unpaid under the terms of this note, or any other debt to mortgagee guaranteed herein, immediately due and payable, and to proceed to foreclosure in accordance with the law and the provisions thereof; (Two) to incur and pay reasonable expenses for the repair and maintenance of the property and any expenses or obligations that mortgagor failed to pay as agreed in this mortgage, including taxes, assessments, insurance premiums, and any other expenses or costs for the protection and preservation of the property and of this mortgage, or for violation of any provision of this mortgage; and (Three) to request the protection of the law.

(Seventeen) Mortgagor shall pay, or shall reimburse mortgagee for all necessary expenses for the fulfillment of the covenants and agreements of this mortgage, and of the note and of any supplementary agreement, including the costs of surveying, title search, court costs, deed recording, and attorneys' fees.

(Eighteen) Without in any way affecting mortgagee's right to require and enforce at any subsequent date the covenants, agreements, or obligations herein set forth, or other similar agreements, and without affecting the liability of any person for payment of the note or any other debt herein guaranteed, and without affecting the lien created upon the property or the priority of said lien, mortgagee is hereby authorized and empowered at any time:  (one) to waive the performance of any agreement or obligation contained herein, or in the note, or in any supplementary agreement; (two) to negotiate with  mortgagor or to grant to mortgagor any indulgence or forbearance or extension of the time for payment of the note (with the consent of the note's holder when it is held by an insured lender), or· for payment of any debt to the

mortgagee herein guaranteed; or (three) to execute and deliver partial releases of any part of the mortgaged property described herein, or to grant deferment or postponement of this mortgage to any other lien on the property.

(Nineteen) All rights, title, and interest in or on this mortgage, including but not limited to the power to grant consent, partial releases, subordination, and revocation, shall be vested solely and exclusively in the mortgagee, and no insured lender shall have any right, title, or interest in or on this mortgage and any benefits herein contained.

(Twenty) Default on this mortgage shall constitute default on any other mortgage, loan, or real estate mortgage held or insured by mortgagee, and executed or assumed by mortgagor; and default on any such instrument shall constitute default on this mortgage.

(Twenty-One) All notices to be given under the terms of this mortgage shall be sent by certified mail unless otherwise required by law, and shall be addressed until some other address is designated in a notice provided to that effect, in the case of mortgagee, to Farmers Home Administration, United States Department of Agriculture, San Juan, Puerto Rico; and in the case of mortgagor, to him at his address as stated below.

(Twenty-Two) Mortgagor hereby grants to mortgagee the amount of any judgment obtained through forced expropriation for public use of the property or any part thereof, as well as the amount of any judgment for damages to the property. Mortgagee will apply the amount so received to pay costs incurred in collection, and the balance will apply to payment of the note, and any indebtedness to mortgagee guaranteed by this mortgage, and if any amount then remains, will pay such amount to mortgagor.

SEVENTH: That for the purpose of the first auction to be held in case of foreclosure of this mortgage, in accordance with mortgage law, as amended, mortgagor does hereby appraise the mortgaged property in the amount of ONE HUNDRED AND THIRTY-SIX THOUSAND EIGHT HUNDRED AND SEVENTY DOLLARS ($136,870.00).

EIGHTH: Mortgagor hereby waives the requirement of law and agrees to be considered in default with no need for prior notification by mortgagee. This mortgage is subject to the regulations of the Farmers Home Administration now in effect, and to future regulations, not inconsistent with the provisions of this mortgage, as well as to the laws of the United States Congress authorizing and insuring the aforementioned loan.

NINTH: The amounts guaranteed by this mortgage are as follows:
One. Whenever the note referred to in paragraph THIRD of this mortgage is held by mortgagee, or in the event mortgagee should transfer this mortgage without insuring the note: ONE HUNDRED AND THIRTY-THREE THOUSAND FOUR HUNDRED DOLLARS ($133,400.00), the note's principal, together with interest as stipulated at the annual rate of THREE PERCENT (3%).

Two. Whenever the note is held by an insured lender:

(A) ONE HUNDRED AND THIRTY-THREE THOUSAND FOUR HUNDRED DOLLARS ($133,400.00), to compensate mortgagee for advances to the insured lender because of mortgagor's failure to pay the installments as specified in the note, with interest as indicated in paragraph SIXTH, subparagraph three;

(B) TWO HUNDRED THOUSAND ONE HUNDRED DOLLARS ($200,100.00), to further compensate mortgagee against any losses suffered under its insurance for payment of the note;

Three. In any event and at any time:
(A) FIFTY-THREE THOUSAND THREE HUNDRED AND SIXTY DOLLARS ($53,360.00) for interest upon default;
(B) TWENTY-SIX THOUSAND SIX HUNDRED AND EIGHTY DOLLARS ($26,680.00) for taxes, insurance, and other advances for the preservation and protection of this mortgage, with interest at the rate stipulated in paragraph SIXTH, subparagraph three;
(C) THIRTEEN THOUSAND THREE HUNDRED AND FORTY DOLLARS ($13,340.00) for court costs, expenses, and attorneys' fees in case of foreclosure;
(D) THIRTEEN THOUSAND THREE HUNDRED AND FORTY DOLLARS ($13,340.00) for court costs and expenses incurred by mortgagee in proceedings to defend his interests against any other person interfering with or contesting the mortgagor's right of possession of the property, as provided in paragraph SIXTH, subparagraph thirteen.

TENTH: That the note referred to in paragraph THIRD of this mortgage is described as follows: "Promissory note executed in case number sixty-three dash fifteen dash seven hundred and three dash seven hundred and fifty-six (63-15-703-756) dated November thirty (30), nineteen seventy-nine (1979), for the amount of ONE HUNDRED AND THIRTY-THREE THOUSAND FOUR HUNDRED DOLLARS ($133,400.00) of principal, plus interest on the unpaid balance at the rate of THREE PERCENT (3%) per annum, until the principal and interests are paid entirely according to the terms, conditions and stipulations contained in said promissory note and as agreed by Borrower and Government; except for the final installment of the debt represented herein which, if not previously paid, will be due and payable forty (40) years from the date of this note.

Said note is granted as evidence of a loan made by the Government to the Borrower, pursuant to the law of the US Congress known as "Consolidated Farmers Home Administration Act of 1961," or pursuant to "Title V of the Housing Act of 1949", both as amended, and is subject to present Farmers Home Administration regulations, and to future regulations which are not inconsistent with these laws. To which description, I, the authorizing Notary, BEAR WITNESS.

ELEVENTH: That the property that is the subject of this deed and for which this Voluntary Mortgage is furnished, is described as follows:

"A". RURAL: Located in Barrio Don Alonso in the municipality of Utuado, Puerto Rico, with a surface area of NINETY-TWO *CUERDAS*\* AND SIXTY-SIX ONE-HUNDREDTHS, equivalent to thirty-six hectares, forty-one acres and eighty-nine centiares of land, but according to the Property Registry has a surface area limited to EIGHTY-NINE *CUERDAS* AND

SEVENTY-NINE ONE-HUNDREDTHS (89.79), equivalent to thirty-five hectares, twenty-nine acres, ten centiares and sixty-one miliares of land, planted with coffee, grasses and brush. It contains two residential buildings and one for equipment. Its boundaries are: to the NORTH, with land belonging to the Messieurs Ledesma Arzau and Company and that belonging to Vicente Andújar; to the EAST, with Anastacio González and the Limón River; to the SOUTH, with that of Antonio Núñez; and to the WEST, with those of Francisco Pruna and of Ledesma Arzau and Company.

According to its twentieth recording in the Property Registry, it is registered on page one hundred and fourteen (114), volume two hundred and seventy (270) of Utuado, farm number three thousand seven hundred and fifty (3750).

"B". RURAL: Located in Barrio Don Alonso in the municipality of Utuado, Puerto Rico, with a surface area of SEVENTY-SIX *CUERDAS*\* AND FIFTY ONE-HUNDREDTHS, equivalent to thirty hectares, six acres and seventy-five centiares of land tilled for coffee, green bananas, grasses and brush. It contains a storied house, built of wood with a zinc roof, and another of similar construction that is only one story high. Its boundaries are: to the EAST, with the Limón River; to the NORTH, with lands belonging to Rafael Delgado; to the WEST, with those of Ledesma Arzau and Company; and to the SOUTH, with lands belonging previously to Vicente Andújar, currently Antonio Colón Pérez.

According to its thirty-seventh recording in the Property Registry, it is registered on page two hundred and fifty-one (251), side two, volume three hundred and thirty-eight (338) of Utuado, farm number one thousand nine hundred and forty-two (1942).

"C". RURAL: Located in Barrio Tetuan, in the municipality of Utuado, Puerto Rico, with a surface area of FIFTEEN *CUERDAS*\*, equivalent to five hectares, eighty-nine acres and fifty-six centiares. Its boundaries are: to the NORTH, with José Heredia; to the SOUTH, with Miguel Torres Gómez; to the EAST, with Isabel Ortega; and to the WEST, with Rosa Heredia. It contains a residential house and a building for equipment.

It is registered in the Property Registry on page one hundred and seventy-three (173), side two, volume two hundred and seventy-five (275) of Utuado, farm number eleven thousand and eighty-two (11,082), second recording.

The borrower acquired the properties described above as follows: Those described as letters A and B, through purchase from Mrs. Inés María Colón Ralat, Mr. Antonio Francisco Miró Colón and Mrs. Marya Aurora Muñoz Colón, pursuant to the deed executed on this same date before the undersigned Notary which bears the number immediately preceding that of this deed and which is pending registration in the Property Registry. The one described under letter C, through purchase from the spouses Mr. Americo Montero Villanueva and Mrs. Eugenia Rodríguez, pursuant to deed number two hundred and sixty-eight (268), dated December twenty-seven, nineteen sixty-six, executed before the undersigned Notary.

The borrower acquired the property described above through purchase from ____, pursuant to deed number ___, dated __, executed in the city of ____, before the Notary ___. (See page 11-A, preceding).

TWELFTH: That appearing in this deed as mortgagors are: MR. LUIS RIVERA NEGRON and his wife MRS. ADELA SOTO FIGUEROA, both of legal age, property owners and residents of Utuado, Puerto Rico; whose mailing address is: Box 49, Bo. Don Alonso, Florida, Puerto Rico, 00650.

THIRTEENTH: The loan amount consigned herein was used or will be used for agricultural purposes and construction and/or repairs and/or improvements of the facilities of the previously described farm(s).

FOURTEENTH: The Borrower will personally occupy and use any structure that is constructed, improved, or purchased with the proceeds of the loan herein guaranteed, and shall not lease or use said structure for other purposes, unless the Government gives consent in writing. Violation of this clause, as well as violation of any other agreement or clause contained herein, will cause the debt to become due as if the whole term had elapsed, and the Government may declare the loan due and payable, and may proceed to foreclosure of the mortgage.

FIFTEENTH: This mortgage expressly extends to any constructions or buildings currently existing on the aforementioned farm, and to all improvements, constructions, or buildings to be constructed on said farm while the Government's mortgage loan is in effect, as verified by the present owners/debtors or by their trustees or executors.

SIXTEENTH: Mortgagor hereby waives jointly and severally for himself and on behalf of his heirs, trustees, successors, or representatives, in favor of mortgagee (Farmers Home Administration), any present or future Homestead right that he may have on the property described in paragraph eleventh, and in the buildings thereon, or which may be constructed in the future; this waiver being permitted in favor of the Farmers Home Administration by Law Number Thirteen (13) of May twenty-eight (28), nineteen hundred sixty-nine (1969) (31. L.P.R.A. 1851).

SEVENTEENTH: The mortgagor and the mortgagee are agreed that any stove, oven, or heater purchased either totally or partially financed with the funds of the loan herein guaranteed, are considered and interpreted as part of the property encumbered by this mortgage.

EIGHTEENTH: The parties present for this deed also state that as this involves an agricultural loan, they have agreed not to distribute the liability between the encumbered properties and thus all the farms will be individually liable, jointly and severally, for the debt, the principal, interests, costs and other credits secured by this deed; all of which is in accordance with article one hundred and nineteen of the Mortgage Law, as amended by law number 79 of June twenty-five, nineteen sixty-nine.

The parties accept this deed as written, as it expresses their agreement; I, the Notary, gave them the pertinent legal warnings to its execution and well informed of these, they thus execute and sign it; Mrs. Adela Soto Figueroa does so, but not Mr. Luis Rivera Negrón, because he states that he does not know how to, and they request that the attesting witness, Mr. Luis E. Collazo, who is of legal age, a resident hereof and, to my knowledge, free of any legal impediment to serve as such, should sign it. This deed has been read aloud in one sitting to all the parties by me, the Notary, after they waived their right to read it themselves, which I informed them they had. I, the Notary, BEAR WITNESS to everything contained in this public instrument, to which I will attach and cancel the Notary Tax seal, and to its having been signed by the party who knows how to do so and by the witness acting on behalf of the party who does not know how to place his initials herein, and with the fingerprints of the latter being placed in the margin of each and every page.

SIGNED: ADELA SOTO FIGUEROA. As witness, per the request of Mr. Luis Rivera Negrón, LUIS E. COLLAZO.

SIGNED, STAMPED, SEALED AND ENDORSED: LUIS PEREZ MATOS.

The applicable Notary Tax seal is duly cancelled in the original.

I CERTIFY: That the preceding is a true and exact copy of the original which is filed in my notary protocol of public instruments for the current year, to which I refer. For delivery to Farmers Home Administration, I issue this first certified copy today, the same day of its execution.
[Signature]
Notary Public
[Seal]


# CERTIFICATE

I hereby certify that the attached Voluntary Mortgage is a true and accurate translation to the best of my knowledge, ability and belief. I am experienced, competent and certified to translate from Spanish into English.


DATED this 19th day of May of 2006.

10

Nicole Harris
*Federal and State Certified Translator*

WITNESS my hand and official seal hereto affixed this
19th day of May of 2006.

Signature

Print Name: Rosa Capdevielle
Notary Public in and for the State of Washington
My appointment expires: 02/01/2010

11

CERTIFIED TRANSLATION

This document was registered as indicated on the marginal notes for the registration on each lot #3750 and 1942.  They are free from liens.  Lot #11,082 is encumbered by 3 mortgages on behalf of the United States in the amounts of $3,470.00; $2,500.00 and $3,000.00.

Utuado, December 4, 1979

No fees

(sgd.) O. Quesada
Registrar


Remark:  The three lots are encumbered by the mortgage herein constituted.

Utuado, December 4, 1979

(sgd.) O. Quesada
Registrar

(SEAL OF THE REAL ESTATE REGISTRY, UTUADO SECTION)

Received.  5/14/80
(sgd.) Illegible


Note:  The promissory note for $2,500.00 was canceled by Deed #21 of March 27, 1980 by Luis Pérez Matos.  The promissory note for $3,000.00 was totally paid and cancelled through Deed #22 of March 27, 1980 (Pending Registration)



Forma FmHA 427-1 PR
10/77

------------------------NUMERO SETENTA Y DOS------------

----------------HIPOTECA VOLUNTARIA----------------

En la ciudad de Utuado, Puerto Rico, a treinta de -
noviembre de mil novecientos setenta y nueve.----------

------------------ANTE MI------------------

--------------------LUIS PEREZ MATOS----------------

Abogado y Notario Público de esta Isla con residencia y vecindad en

la ciudad de Utuado ----- y oficina en dicha ciudad-------

------------------ COMPARECEN ----------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.----------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ---------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento.----------------------------

**EXPONEN**

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ---------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO.---------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

1

Forma FmHA-427-1 PR
10/77



seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.————

CUARTO: Se sobreentiende que:————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada.————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, o en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario.————



(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que en todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

—2—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ——————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



—3—

Forma FmHA-427-1 PR
10/77

solvento, pérdida sufrida por el acreedor hipotecario como asegurador del pagaré, contribuciones, prima de seguro o cualquier otro desembolso o adelanto por el acreedor hipotecario por cuenta del deudor hipotecario con sus intereses hasta que sean pagados al acreedor hipotecario, costas, gastos y honorarios de abogado del acreedor hipotecario, toda extensión o renovación de dichas obligaciones con intereses sobre todas y todo otro cargo o suma adicional especificada en el párrafo NOVENO de este documento. ————————

SEXTO: El deudor hipotecario expresamente conviene lo siguiente:————————

(Uno) Pagar al acreedor hipotecario prontamente a su vencimiento cualquier deuda aquí garantizada e indemnizar y conservar libre de pérdida al acreedor hipotecario bajo el seguro del pago del pagaré por incumplimiento del deudor hipotecario. En todo tiempo cuando el pagaré sea poseído por el prestamista asegurado, el deudor hipotecario continuará haciendo los pagos contra dicho pagaré al acreedor hipotecario como agente cobrador del tenedor del mismo. ————————

(Dos) A pagar al acreedor hipotecario una cuota inicial por inspección y tasación y cualquier cargo por delincuencia requerido en el presente o en el futuro por los reglamentos de la Administración de Hogares de Agricultores.

(Tres) En todo tiempo cuando el pagaré sea poseído por un prestamista asegurado, cualquier suma adeudada y no pagada bajo los términos del pagaré, menos la cantidad o carga anual, podrá ser pagada por el acreedor hipotecario al tenedor del pagaré bajo los términos provistos en el pagaré y en el endoso de seguro referido en el párrafo CUARTO anterior por cuenta del deudor hipotecario. ————————

Cualquier suma vencida y no pagada bajo los términos del pagaré, sea éste poseído por el acreedor hipotecario o por el prestamista asegurado, podrá ser acreditada por el acreedor hipotecario al pagaré y en su consecuencia constituirá un adelanto por el acreedor hipotecario por cuenta del deudor hipotecario.————————

Cualquier adelanto por el acreedor hipotecario tal como se describe en este subpárrafo devengará intereses a razón del ——TRES—— por ciento( —3— %) anual a partir de la fecha en que venció el pago hasta la fecha en que el deudor hipotecario lo satisfaga.————————

(Cuatro) Fuere o no el pagaré asegurado por el acreedor hipotecario,

—4—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ————————————————————————

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. ————————————————————————

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. ——————————

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. ————————————

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. ——————————————

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni demolerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que

—5—

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ------------

(Diez) Si ésta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ------

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ------------

(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. ------------

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. ------------

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

–6–

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. —————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————

(Decisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

—7—

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado.

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior los convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario; (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos.

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o asumida por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

—8—

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ────────────────

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. ────────────────

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de   CIENTO TREINTA Y SEIS MIL OCHO-CIENTOS SETENTA DOLARES ($136,870.00). ────────────
── ── ── ── ── ── ── ── ── ── ── ── ── ── ── ── ──

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ────────────────

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré:  CIENTO TREINTA Y TRES MIL CUATROCIENTOS DOLARES ($133,400.00) el principal de dicho pagaré, con sus intereses según estipulados a razón del T R E S ── ── ── ── ──por ciento (  3 %) anual;

Dos. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado:
(A) CIENTO TREINTA Y TRES MIL CUATROCIENTOS ── ── ── ── ── ── ── ── ── ── ── ── ── DOLARES ($133,400.00)

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ─────────────────────────

(B)

**DOSCIENTOS MIL CIEN─ ─ ─ ─ ─ ─ DOLARES ($200,100.00)**
para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ───────────────

Tres. En cualquier caso y en todo tiempo: ─────────────────

(A)   **CINCUENTA Y TRES MIL TRESCIENTOS SESENTA ─ ─ ─**
**─ ─ ─ ─ ─ ─ ─ ─ ─ ─ DOLARES ($53,360.00)**
para intereses después de mora; ───────────────────────

(B)   **VEINTISEIS MIL SEISCIENTOS OCHENTA ─ ─ ─ ─ ─**
**─ ─ ─ ─ ─ ─ ─ ─ ─ ─ DOLARES ($26,680.00)**
para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ─────────────────────────

(C)   **TRECE MIL TRESCIENTOS CUARENTA─ ─ ─ ─ ─ ─ ─**
**─ ─ ─ ─ ─ ─ ─ ─ ─ ─ DOLARES ($13,340.00)**
para costas, gastos y honorarios de abogado en caso de ejecución; ────────

(D)   **TRECE MIL TRESCIENTOS CUARENTA─ ─ ─ ─ ─ ─ ─**
**─ ─ ─ ─ ─ ─ ─ ─ ─ ─ DOLARES ($ 13,340.00)**
para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ─────────────────

DECIMO: Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ───────────

**PAGARE otorgado en el caso número sesenta y tres ─**
**guión quince guión setecientos tres guión setecien-**
**tos cincuenta y seis (63-15-703-756), fechado el ─**
**día treinta (30) de noviembre de mil novecientos ─**
**setenta y nueve (1979)**──────────────────────

─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─

─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─ ─

Agricultura

─10─

Forma FmHA 427-1 PR
10/77

por la suma de  CIENTO TREINTITRES MIL CUATROCIENTOS  — —
— — —dólares de principal más intereses sobre el balance del principal
adeudado a razón del      TRES   — — — — — — — — — —
— — — ( —3%— )  por ciento anual, hasta tanto su principal sea
totalmente satisfecho según los términos, plazos, condiciones y estipulaciones
contenidas en dicho pagaré y según acordados y convenidos entre el
Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí
representada, de no haber sido satisfecho con anterioridad, vencerá y será
pagadero a los   cuarenta (40)—— años de la fecha de este pagaré.

— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido
por el Gobierno al Prestatario de conformidad con la Ley del Congreso
de los Estados Unidos de América denominada "Consolidated Farm and
Rural Development Act of 1961" o de conformidad con el "Title V of
the Housing Act of 1949", según han sido enmendadas y está sujeto a los
presentes reglamentos de la Administración de Hogares de Agricultores
y a los futuros reglamentos no inconsistentes con dicha Ley .  De cuya
descripción, yo, el Notario Autorizante, DOY FE. — — — — — — — — —

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que
se constituye Hipoteca Voluntaria, se describe como sigue: — — — — — — —

"A"  RUSTICA:  Radicada en el Barrio DON ALONSO, tér-
mino municipal de Utuado, Puerto Rico, con cabida de
NOVENTA Y DOS CUERDAS con SESENTA Y SEIS CENTIMOS, —
igual a treinta y seis hectáreas, cuarenta y una áre-
as y ochentinueve centiáreas de terreno, pero que del
Registro de la Propiedad resulta limitada su cabida a
OCHENTA Y NUEVE CUERDAS con SETENTA Y NUEVE CENTIMOS
(89.79), equivalentes a treinta y cinco hectáreas, —
veintinueve áreas, diez centiáreas y sesenta y una mi-
liáreas de terreno, con plantaciones de café, pastos
y malezas, conteniendo dos casas habitación y una pa-
ra máquina.  LINDA:  al Norte, terrenos de los señores
Ledesma Artau y Compañía y de Vicente Andújar; al Es-
te, de Anastacio González y el Río Limón; al Sud, los
de Antonio Núñez; y al Oeste, los de Francisco Pruna
y de Ledesma Artau y Compañía.

Por su inscripción vigésima figura inscrita en el Re-
gistro de la Propiedad al folio ciento catorce (114) —
vuelto del tomo doscientos setenta (270) de Utuado, —
finca número tres mil setecientos cincuenta (3,750).—

"B"  RUSTICA:  Situada en el Barrio DON ALONSO, térmi-
no municipal de UTUADO, Puerto Rico, compuesta de SE-
TENTA Y SEIS CUERDAS con CINCUENTA CENTIMOS de otra, —
equivalentes a treinta hectáreas, seis áreas y seten-

*folio 115 vto*
*Jomo 270 Utuado*
*finca #3,750*
*insc. 2 pla*

*fo. 254*
*Tomo 838 Utuado*
*finca 1948*
*insc. 388*

FORMA FmHA 427-1 PR

11

ta y cinco centiáreas, terreno quebrado a café, plá-
tanos, guineos, pastos y malezas, conteniendo una ~
casa de altos, de madera, cobijada de zinc, otra ~
mas de igual construcción de un solo piso. LINDA:
al Este, con el Río Limón; por el Norte, terrenos -
de Rafael Delgado; al Oeste, con los de Ledesma Ar-
tau y Compañía; y por el Sud, con terrenos de Vicen-
te Andújar antes, hoy de Antonio Colón Pérez.——————

Por su inscripción trigésima séptima figura inscri-
ta en el Registro de la Propiedad al folio doscien-
tos cincuenta y uno (251) vuelto del tomo trescien-
tos treinta y ocho (338) de Utuado, finca número —
mil novecientos cuarenta y dos (1,942).——————————

"C"  RUSTICA:  Finca radicada en el Barrio TETUAN,
término municipal de UTUADO, Puerto Rico, compuesta
de QUINCE CUERDAS equivalentes a cinco hectáreas, ~
ochenta y nueve áreas y cincuenta y seis centiáreas,
en LINDES:  por el Norte, con José Heredia; por el
Sur, con Miguel Torres Gómez; por el Este, con Isa-
bel Ortega; y por el Oeste, con Rosa Heredia.  Con-
tiene casa de vivienda y casa máquina.——————————

Inscrita en el Registro de la Propiedad al folio ——
ciento setenta y tres (173) vuelto del tomo doscien-
tos setenta y cinco (275) de Utuado, finca número -
once mil ochentidos (11,082), inscripción segunda.-

ADQUIRIO el deudor hipotecario las fincas descritas
en la siguiente forma:  Las descritas bajo las le-
tras "A" y "B" por compra a doña Inés María Colón
Ralat, a don Antonio Francisco Miró Colón y a doña
Marya Aurora Muñoz Colón, mediante escritura otorga-
da ante el fedatario en el día de hoy y que lleva el
número inmediato anterior al de la presente, pendien-
te de inscripción en el Registro de la Propiedad; y
la descrita bajo la letra "C" por compra a los espo-
sos don Américo Montero Villanueva y doña Eugenia ——
Rodríguez, según la escritura número doscientos se-
tenta y ocho (268) otorgada ante el fedatario con ——
fecha veintisiete de diciembre de mil novecientos ——
sesenta y seis.————————————————————————

- - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - -

11-A

Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a---------

según consta de la Escritura Número _____

_____ de fecha _____

_____ otorgada en la ciudad de _____

ante el Notario  (Véase Página 11-A que precede)----------------

Dicha propiedad se encuentra **libre de cargas con excepción**

**de la finca letra "C" que se encuentra afecta a tres -**

**hipotecas a favor de Estados Unidos de América por las**

**sumas de Tres Mil Cuatrocientos Setenta Dólares, Dos -**

**Mil Quinientos Dólares y Tres Mil Dólares de principal.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DUODECIMO:  Que comparecen en la presente escritura como------

Deudores Hipotecarios;   Don **LUIS RIVERA NEGRON** y su espo-

sa doña **Adela SOTO FIGUEROA**, mayores de edad, propieta-

rios y vecinos de Utuado, Puerto Rico, - - - - - - - - -

cuya direccion postal es: **"Buzón 49 - Bo. Don Alonso --**

**Florida, Puerto Rico  00650.**- - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DECIMO TERCERO:  El importe del préstamo aquí consignado se

usó ó será usado para fines agrícolas y la construcción y/o

reparación y/o mejoras de las instalaciones físicas en la-----

finca(s) descrita(s),-------- ----------------------- --- ----

DECIMO CUARTO:  El prestatario ocupará personalmente y usará--

cualquier estructura que haya sido construída, mejorada o------

comprada con el importe del préstamo aquí garantizado y no----

arrendará o usará para otros fines dicha estructura a menos que

el Gobierno lo consienta por escrito.  La violación de esta---

cláusula como la violación de cualquiera otro convenio o cláu-

sula aquí contenida ocasionará el vencimiento de la obligación

como si todo el término hubiese transcurrido y en aptitud el

Gobierno de declarar vencido o pagadero el préstamo y proceder

a la ejecución de la hipoteca.-------------------------------

DECIMO QUINTO:  Esta hipoteca se extiende expresamente a toda

construcción o edificación existente en la(s) finca(s) antes--

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ------
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes.

DECIMO SEXTO: El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de-
sus herederos causahabientes, sucesores o representantes a--
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undédimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).-----------------------------------

DECIMO SEPTIMO: El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte--
de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO: Manifiestan además los comparecientes
en esta escritura que por tratarse de un préstamo pa-
ra fines agrícolas han acordado en no distribuir la -
responsabilidad entre las fincas gravadas y por lo --
tanto todas responderán por separado solidaria y man-
comunadamente de la deuda, principal, intereses, cos-
tos y demás créditos garantizados por esta escritura;
esto ello conforme al Artículo Ciento Diecinueve de la
Ley Hipotecaria, según el mismo ha sido enmendado por
la Ley Número 79 del veinticinco de junio de mil nove-
cientos sesenta y nueve.-----------------------------

Los otorgantes aceptan la presente escritura en la --
forma redactada por ser conforme a lo convenido; Yo,
el Notario, híceles las advertencias legales pertinen-

13

tes y bien impuestos de ellas así la otorgan y fir-
ma doña Adela Soto Figueroa no así don Luis Rivera
Negrón porque dice no saber hacelo, a sus ruegos a
la vez que como testigo instrumental firma don Luis
E. Collazo,- - -casado, mayor de edad, de esta ve-
cindad, sin tacha legal para serlo según manifiesta
y a quien conozco personalmente. Previa lectura que
a todos hice en alta voz y en un solo acto de esta
escritura porque renunciaron el derecho a leerla por
sí mismos, el cual les advertí tenían; Yo, el Nota-
rio de todo lo consignado en este instrumento públi-
co al cual cancelaré el sello de impuesto notarial
y así como de haber estampado la otorgante que firma
y el testigo que lo hacer por el otorgante que dijo
no saber firmar sus iniciales juntamente con las hue-
llas dactilares de los dedos pulgares de éste último
al margen de todos y cada uno de sus folios, DOY FE.

FIRMADOS: Adela Soto Figueroa----------Como testigo y
a ruegos de Luis Rivera Negrón: Luis E. Collazo----
Firmado, signado, rubricado y sellado: LUIS PEREZ MA-
TOS.------------------------------------------------

Hay cancelado el sello de impuesto notarial en la es-
critura matriz.-------------------------------------

CERTIFICO: Que la precedente es una copia fiel y ---
exacta de su original durante en mi protocolo nota-
rial de instrumentos públicos del corriente año a que
me remito. Y para entregar a la Administración de Hoga-
gares de Agricultores expido esta primera copia certi-
ficada hoy día de su otorgamiento.------------------

NOTARIO PUBLICO

## CERTIFICATION

I, Juan M. Ortiz Serbiá, of legal age, married
and resident of Guayama, Puerto Rico. In my
official capacity as State Executive Director of
the Farm Service Agency, U.S. Department of
Agriculture, hereby declare under penalty of
perjury that this is a true and exact copy of
the original document which I have under my
custody.

San Juan, Puerto Rico ------------------------

Juan M. Ortiz Serbiá
State Executive Director

Inscrito este documento donde
indican nota al margen de
la Inscripción de cada Finca
la fincas # 3,750 y 1,943 se
hallan libre De cargas, la
finca # 11,083 se halla afecta
a 3 hipoteca a favor, de los
Estados Unidos de América por
la suma de $ 3,490.00 , $2,550.00
$3,000.00. Utuado a 4 de diciembre
de 1979. —

Sin Derechos. Registrado
Observación: las tres líneas
están grafiadas
por la hipoteca
que se constituye
por este docu-
mento. Utuado
4 Diciembre 1979

Reg.

Revd. 5/14/80
M. Corti.

Nota: El pagaré de $2500 se canceló por Esc. # 21
de Mayo 27 del 80 por Luis Ruiz Matos
El pagaré de $3000 se pagó en Su totalidad
y se canceló med. Escr. 22 del 27 de Mayo
del 1980 - (Pend. Registro)

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

**CLIENT:  ADELA SOTO FIGUEROA**        **REF: 1521.196**
                                        **BY: TAIMARY ESCALONA**

**PROPERTY NUMBER:** 3,750, recorded at page 99 of volume 118 of Utuado, Registry of the Property of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

**RÚSTICA:** Radicada en el Barrio Don Alonso, término municipal de Utuado, Puerto Rico, con cabida de **noventa y dos cuerdas con sesenta y seis céntimos, igual a treinta y seis hectáreas, cuarenta y una área y ochentinueve centiáreas de terreno**, pero que del Registro de la Propiedad resulta limitada su cabida a ochenta y nueve cuerdas con setenta y nueve céntimos (89.79), equivalentes a treinta y cinco hectáreas, veintinueve áreas, diez centiáreas y sesenta y una miliáreas de terreno, con plantaciones de café, pastos y malezas, conteniendo dos casas habitación y una para máquina. Linda: al **NORTE**, terrenos de los señores Ledesma Artau y Compañía y de Vicente Andújar; al **ESTE**, de Anastacio González y al Río Limón; al **SUR**, los de Antonio Núñez; y al **OESTE**, los de Francisco Pruna y de Ledesma Artau y Compañía.

**TITLE:**

This property is registered as follows:

One half of property in favor of Adela Soto Figueroa, (widow) being married to Luis Rivera Negrón, who acquired it by purchase from Succession Colón-Ralat, at a price of $43,200.00, pursuant to deed #71, executed in Utuado, Puerto Rico, on November 30, 1979, before Luis Pérez Matos Notary Public, recorded at page 115 of volume 270 of Utuado, property number 3,750, 21st inscription.

Other half of property in favor of Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efraín Rivera Soto, acquired by inheritance of the deceased Luis Rivera Negrón, to the widow fee in favor of Adela Soto Figueroa, with value of $50,000.00, Resolution issued January 20, 1988 in Superior Court of Puerto Rico, Court of Utuado, civil case #TS86-1481, recorded at page 221 of volume 373 of Utuado, property number 3,750, 27th inscription.

**LIENS AND ENCUMBRANCES:**

I.  By reason of its origin this property is free of liens and encumbrances

II. By reason of itself this property is encumbered by the following:

1.  **MORTGAGE:** Constituted by the spouses Luis Rivera Negrón and Adela Soto Figueroa, over this and other properties, in favor of United States of America, in the original principal amount of $133,400.00, with 3% annual interests, due on 40 years, constituted by deed #72, executed in Utuado, Puerto Rico, on November 30, 1979, before Luis Pérez Matos Notary Public, recorded at overleaf of page 115 of volume 270 of Utuado, property number 3,750, 22nd inscription.

2.  **MORTGAGE:** Constituted by the spouses Luis Rivera Negrón and Adela Soto Figueroa, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $23,000.00, with 4% annual interests, due on 40 years, constituted by deed #23, executed in Utuado, Puerto Rico, on March 27, 1980, before Luis Pérez Matos Notary Public, recorded at page 116 of volume 270 of Utuado, property number 3,750, 23rd inscription.

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #3,750

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX (787) 748-1143

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

4.  **SEIZURE:** In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated October 27, 1993, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efrain Rivera Soto; Adela Soto Figueroa, annotated at margin of overleaf of page 221 of volume 373 of Utuado, in the amount of $32,118.19 on December 22, 1993.

5.  **SEIZURE:** In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated October 17, 2000, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efrain Rivera Soto; Adela Soto Figueroa, annotated at margin of overleaf of page 222 of volume 373 of Utuado, in the amount of $32,118.19 on February 15, 2001.

6.  **SEIZURE:** In favor of Fondo del Seguro del Estado, in concept of invoice, Certification dated January 23, 2007, against Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efrain Rivera Soto; Adela Soto Figueroa, annotated at page 29 of volume 601 of Utuado, in the amount of $32,118.19, 28 inscription.

7.  At entry 932 of daily book 415, presented on January 17, 2013, Certification dated January 17, 2013, issued by Fondo del Seguro del Estado, this property is seized as property of Miguel Angel; Hiram; Wilfredo; Anadi; Onaida; Maribelle; Alicia; Carmen Ana; Genoveva; Santiago; Efrain Rivera Soto; Adela Soto Figueroa, by $32,118.19 in concept of invoice. The document qualification and dispatch are pending.

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to September 13, 2019.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

_____
*Authorized signature*

mcr/dm/**F**

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on September 13, 2019, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 28 day of October of 2020.

Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,349

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 28 day of October of 2020.

NOTARY PUBLIC

RECIBO

Sello

5397
10/28/2020
$5.00
Sello de Asistencia Legal
80093-2020-1028-46942000

Modelo RD-60 (Rev. 1/85)

ESTADO LIBRE ASOCIADO DE PUERTO RICO
DEPARTAMENTO DE SALUD - AFASS
Area de Registro Demográfico

COMMONWEALTH OF PUERTO RICO
DEPARTMENT OF HEALTH - HFSA
Area of Demographic Registry

## CERTIFICADO DE ACTA DE DEFUNCION
### Certificate of Death Registration

Certifico que en la Sección de Defunciones del
Registro a mi cargo aparece la siguiente inscripción:

*I certify that in the Section of Deaths of the Registr*
*under my custody the following death is registered:*

| Libro Núm. / Volume No. **130** | Folio Núm. / Folio No. **690** | Acta Núm. / Certificate No. **XXX** | Municipio donde ocurrió la defunción: / Municipality where death occurred **Arecibo,P.R.** |
|---|---|---|---|

Fecha de Inscripción:
*Date of Registration*
**18** día (day)   **agosto** mes (month)   **1986** año (year)

Fecha de defunción: / *Date of Death*   HORA: **8:10 P.M**
**16** día (day)   **agosto** mes (month)   **1986** año (year)

Nombre del Fallecido; / *Name of Deceased*   **Luis Rivera Negron**

Sexo (sex): ☒ Varón (male)  ☐ Hembra (female)   Edad: / Age **56**

Estado Civil / *Civil Status*: ☐ Soltero/Single  ☒ Casado/Married  ☐ Viudo/Widowed  ☐ Divorciado/Divorced

Natural de: / *Birthplace* **Ituado,P.R.**   Estado o País (State or Country)

Si casado, viudo o divorciado, nombre del cónyuge:
*If married, widowed, divorced, name of spouse*   **Adela Soto Figueroa**

Nombre del padre / *Name of Father* **Manuel Rivera Vargas**   Natural de: / *Birthplace* **Utuado,P.R.** Estado o País (State or Country)

Nombre de la Madre: / *Name of Mother* **Maria Negron**   Natural de: / *Birthplace* **Utuado,P.Rl** Estado o País (State or Country)

Causa de la Muerte: / *Cause of Death* **paro cardio resp. Inf. agudo -fallo cardiaco congestivo**   Médico que Certifica: / *Attending Physician* **Dra. Liliana B. de Guzman**

Si Veterano, Número de Serie: / *If Veteran Serial Number* **Trombosis**   Número del Seguro Social: / *Social Security Number*

**Este cadaver no fue embalsamado**

DATOS SOBRE EL SOLICITANTE
Information on Applicant

Solicitante: / *Applicant* **Adela Soto Figueroa**   Si veterano, licenciamiento honorable Núm. / *If veteran, honorable discharge Number*

Dirección / *Address* **HC-02 - Box. 6697- Florida, P.R.**

Si para uso oficial de una Agencia del Gobierno Estatal o Federal:
*If for official use of an agency of the Commonwealth of Puerto Rico or Federal Government*

Nombre de la Agencia: / *Name of Agency*   Dirección: / *Address*

### ADVERTENCIA

Este certificado no será válido si en el mismo no se ha estampado el sello oficial del Registro Demográfico correspondiente. También se requiere la cancelación de un sello de rentas internas de $2 según exige la ley, excepto en aquellos casos en que el certificado se expide para uso exclusivo de un veterano o de una agencia de gobierno del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América. LA MERA POSESION DE ESTE DOCUMENTO NO DEBE CONSTITUIR ... PARA IDENTIFICAR AL PORTADOR COMO PA- ... PERSONA FALLECIDA A QUIEN CO- ... LA INSCRIPCION.

### WARNING

*This certificate is void if the official seal of the corresponding Demographic Registry Office has not been stamped hereon. Also, a $2 internal revenue stamp is required by law to be cancelled hereon, unless this certificate is issued for the exclusive use of a veteran or for the official use of any Agency of the Commonwealth of Puerto Rico or of the Federal Government of United States. THE MERE POSSESSION OF THIS DOCUMENT DOES NOT CONSTITUTE EVIDENCE FOR IDENTIFYING THE BEARER AS A RELATIVE OF THE DECEASED TO WHOM THE REGISTRATION REFERS.*

ESTE CERTIFICADO NO SERA VALIDO SI EN EL MISMO APARECEN TACHADURAS, BORRADURAS O ALTERACIONES
*This certificate is void if there are any alterations or erasures on same.*

Fecha de Expedición: / *Date of Issue* **25 de agosto d** 198**6**   Municipio de: / *Municipality of* **Arecibo,P.R.**   Puerto Rico

Encargado del Registro
... agis ar

**Hayde B. Ortiz Lebran**

Firm. / *Signature*

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
### (COMMONWEALTH OF PUERTO RICO)

**DEPARTAMENTO DE SALUD**
(DEPARTMENT OF HEALTH)

**REGISTRO DEMOGRAFICO**
(DEMOGRAPHIC REGISTRY)
**CERTIFICACION DE DEFUNCION**
(CERTIFICATION OF DEATH)



NUMERO
A629682

NUMERO DE CERTIFICADO (CERTIFICATE NUMBER)
152-2000-00188-003606-028699-01647010

NOMBRE DEL FALLECIDO (DECEASED NAME)
ADELA SOTO

SEGURO SOCIAL (SOCIAL SECURITY)
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

SEXO (SEX)
F

ESTADO CIVIL (MARITAL STATUS
VIUDA (WIDOW)

NOMBRE CONYUGE (SPOUSE'S NAME)
LUIS RIVERA

FECHA DEFUNCION (DEATH DATE)
27 FEB 2000

FECHA REGISTRO (REGISTRATION DATE)
29 FEB 2000

LUGAR DEFUNCION (DEATH PLACE)
MANATI, PUERTO RICO

FUE EMBALSAMADO? (WAS EMBALMED?)
SI FUE EMBALSAMADO (EMBALMED)

CAUSA DE MUERTE (CAUSE OF DEATH)
onchopneumonia, unspecified

FECHA NACIMIENTO (BIRTH DATE)
01 ENE 1929

EDAD (AGE)
71 AÑOS

LUGAR NACIMIENTO (BIRTHPLACE)
JAYUYA, PUERTO RICO

NOMBRE DEL PADRE (FATHER'S NAME)

NOMBRE DE LA MADRE (MOTHER'S NAME)
ROSALIA SOTO

FECHA EXPEDICION (DATE ISSUED)
13 SEP 2006

ESTE ES UN ABSTRACTO DEL CERTIFICADO DE DEFUNCION OFICIALMENTE INSCRITO EN EL REGISTRO DEMOGRAFICO DE PUERTO RICO BAJO LA AUTORIDAD CONFERIDA POR LA LEY 24 DEL 22 DE ABRIL DE 1931

THIS IS AN ABSTRACT OF THE RECORD FILED IN THE DEMOGRAPHIC REGISTRY OF PUERTO RICO ISSUED UNDER THE AUTHORITY OF LAW 24, APRIL 22, 1931



SECRETARIO DE SALUD
(SECRETARY OF HEALTH)

DIRECTOR REGISTRO DEMOGRAFICO
(STATE REGISTRAR)

DEPARTAMENTO DE
**SALUD**
GOBIERNO DE PUERTO RICO

*Dando Salud... a tu Vida.*
**ADVERTENCIA: Cualquier alteración o borradura cancela esta certificación.**

**WARNING: Any alteration or erasure voids this certification.**

Exhibit 6

### UNITED STATES DEPARTMENT OF AGRICULTURE
### FARM SERVICE AGENCY
654 Muñoz Rivera Avenue
654 Plaza Suite #829
San Juan, PR 00918

Borrower:     Luis Rivera Negrón              Case No:     63-015-xxx-xx-6707

### *CERTIFICATION OF INDEBTEDNESS*

I, Jacqueline Lazú Laboy, of legal age, married, a resident of Humacao, Puerto Rico, in my official capacity as
Acting Loan Resolution Task Force Director of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according
  to information obtained from all available records at the USDA-Farm Service Agency:

  **Statement of Account as of          September 8, 2020**

| Loan Number | 41-11 | |
|---|---|---|
| Note Amount | $133,400.00 | |
| Date of Last Payment | 5/11/1990 | |
| Principal Balance | $ | 122,047.50 |
| Unpaid Interest | $ | 207,857.54 |
| Misc. Charges | | |
| Total Balance | $ | 329,905.04 |
| Daily Interest Accrual | $ | 16.7189 |
| Amount Delinquent | $ | 323,977.38 |
| Years Delinquent | Fully Matured | |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement
  of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the
  United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under
  penalty of perjury as allowed by 28 U.S.C. 1746.

Jacqueline Lazú Laboy
Acting LRTF Director
September 8, 2020

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| ONAIDA RIVERA SOTO, et als. | ) | FORECLOSURE OF MORTGAGE |
| | ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ALICIA RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.      St. Rd. 140, Km. 33
Don Alonso Ward               Don Alonso Ward
Utuado, P.R. 00641            Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____                    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No. |
| ONAIDA RIVERA SOTO, et als. | ) ) | FORECLOSURE OF MORTGAGE |
| | ) ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ANADY RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.     St. Rd. 140, Km. 33
Don Alonso Ward                 Don Alonso Ward
Utuado, P.R. 00641              Utuado, P.R. 00641


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*


Date:  _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ONAIDA RIVERA SOTO, et als. | ) ) ) ) ) |
| *Defendant(s)* | ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CARMEN ANA RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.     St. Rd. 140, Km. 33
Don Alonso Ward                     Don Alonso Ward
Utuado, P.R. 00641                  Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| ONAIDA RIVERA SOTO, et als. | ) **FORECLOSURE OF MORTGAGE** ) ) |
| *Defendant(s)* | ) ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  EFRAIN RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.     St. Rd. 140, Km. 33
Don Alonso Ward                 Don Alonso Ward
Utuado, P.R. 00641              Utuado, P.R. 00641


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> JUAN CARLOS FORTUÑO FAS
> P.O. BOX 3908
> GUAYNABO PR 00970


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*


Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

### District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| _Plaintiff(s)_ | ) ) |
| v. | ) Civil Action No. |
| ONAIDA RIVERA SOTO, et als. | ) **FORECLOSURE OF MORTGAGE** |
| | ) ) |
| _Defendant(s)_ | ) ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  GENOVEVA RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.        St. Rd. 140, Km. 33
Don Alonso Ward                  Don Alonso Ward
Utuado, P.R. 00641               Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_MARIA ANTONGIORGI-JORDAN, ESQ._
_CLERK OF COURT_

Date: _____          _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ONAIDA RIVERA SOTO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HECTOR RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.    St. Rd. 140, Km. 33
Don Alonso Ward                Don Alonso Ward
Utuado, P.R. 00641             Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .


I declare under penalty of perjury that this information is true.


Date: _____                  _____
                                                  *Server's signature*

                                                  _____
                                                  *Printed name and title*


                                                  _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| ONAIDA RIVERA SOTO, et als. | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  HIRAM RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.      St. Rd. 140, Km. 33
Don Alonso Ward              Don Alonso Ward
Utuado, P.R. 00641            Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>ONAIDA RIVERA SOTO, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* MARIBEL RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.    St. Rd. 140, Km. 33
Don Alonso Ward                      Don Alonso Ward
Utuado, P.R. 00641                    Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date:  _____          _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ONAIDA RIVERA SOTO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MIGUEL ANGEL RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.     St. Rd. 140, Km. 33
Don Alonso Ward                  Don Alonso Ward
Utuado, P.R. 00641               Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ONAIDA RIVERA SOTO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. FORECLOSURE OF MORTGAGE |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ONAIDA RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.     St. Rd. 140, Km. 33
Don Alonso Ward                 Don Alonso Ward
Utuado, P.R. 00641              Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ONAIDA RIVERA SOTO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SANTIAGO RIVERA SOTO
St. Rd. 613, Km. 8.1, Int
Tetuán Ward
Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | |
|---|---|
| United States of America, acting through the United States Department of Agriculture _____ *Plaintiff(s)* v. ONAIDA RIVERA SOTO, et als. _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* WILFREDO RIVERA SOTO
St. Rd. 140, Km. 35.9, Int.      St. Rd. 140, Km. 33
Don Alonso Ward                  Don Alonso Ward
Utuado, P.R. 00641               Utuado, P.R. 00641

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

### CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):   Fortuño, Juan Carlos

USDC-PR Bar Number:   211913

Email Address:   jcfortuno@fortuno-law.com

1.  Title (caption) of the Case (provide only the names of the first party on each side):

Plaintiff:   UNITED STATES OF AMERICA, acting through the USDA

Defendant:   ONAIDA RIVERA SOTO; ET ALS.

2.  Indicate the category to which this case belongs:

☒ Ordinary Civil Case

☐ Social Security

☐ Banking

☐ Injunction

3.  Indicate the title and number of related cases (if any).

N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed before this Court?

☐ Yes
☒ No

5.  Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

☐ Yes
☒ No

6.  Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

☐ Yes
☒ No

Date Submitted:   October 28, 2020

rev. Dec. 2009

Print Form       Reset Form

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | ONAIDA RIVERA SOTO, et als. |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant  Utuado, P.R. |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Juan C. Fortuño Fas<br>Po Box 3908, Guaynabo, PR 00970<br>Tel. 787-751-5290 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>    & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>    Student Loans<br>    (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>    of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>    Liability<br>☐ 320 Assault, Libel &<br>    Slander<br>☐ 330 Federal Employers'<br>    Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>    Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>    Product Liability<br>☐ 360 Other Personal<br>    Injury<br>☐ 362 Personal Injury -<br>    Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>    Product Liability<br>☐ 367 Health Care/<br>    Pharmaceutical<br>    Personal Injury<br>    Product Liability<br>☐ 368 Asbestos Personal<br>    Injury Product<br>    Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>    Property Damage<br>☐ 385 Property Damage<br>    Product Liability | ☐ 625 Drug Related Seizure<br>    of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>    28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>    New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>    3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>    Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer<br>    Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>    Exchange |
| **REAL PROPERTY** | | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>    Accommodations<br>☐ 445 Amer. w/Disabilities -<br>    Employment<br>☐ 446 Amer. w/Disabilities -<br>    Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>    Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>    Conditions of<br>    Confinement | ☐ 710 Fair Labor Standards<br>    Act<br>☐ 720 Labor/Management<br>    Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>    Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>    Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>    or Defendant)<br>☐ 871 IRS—Third Party<br>    26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>    Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>    Act/Review or Appeal of<br>    Agency Decision<br>☐ 950 Constitutionality of<br>    State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>    Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE  10/28/2020

SIGNATURE OF ATTORNEY OF RECORD  Carlos Fortuño Fas

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____